# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHNNY LEE VOELKER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  5:19-CV-00096-RWS |
| | § | |
| v. | § | |
| | § | |
| SHERIFF TIM INGRAM, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Plaintiff Johnny Lee Voelker, proceeding pro se, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The named Defendants are Titus County Sheriff Tim Ingram and two investigators, Scott Wildey and Wayne Minor. A copy of his arrest warrant furnished by Plaintiff indicates Minor is a sergeant with the Titus County Sheriff's Office. This Court referred the case to the United States Magistrate Judge.

**I.     BACKGROUND**

In his complaint, Plaintiff states that on August 1, 2017, he was having a video interview with Wildey and Minor. He asked for his attorney to be present but was denied. After about 20 to 30 minutes of questioning, Sheriff Ingram came into Plaintiff's room, grabbed Plaintiff by the back of the neck, and slammed him into the table. The sheriff cursed at him and told him Plaintiff was going to tell them what had happened. Investigator Wildey pulled Plaintiff's arms and hands around to the side of his body while Investigator Minor swabbed Plaintiff's hands for gunshot residue. As a result of the incident, Plaintiff states he suffered damage to the nerves in his neck.

Defendants moved for summary judgment based upon the failure to exhaust administrative remedies. They asserted the Titus County Jail has a grievance procedure permitting the filing of

grievances if an inmate believes he has been subjected to a criminal action, a violation of his civil rights, an unjust restriction or denial of privileges, or a prohibited act by jail staff. While Plaintiff filed several grievances during his stay in the Titus County Jail, the Defendants state none of these concern the incident forming the basis of the lawsuit. Plaintiff did not file a response to the motion for summary judgment.

## II.     THE REPORT OF THE MAGISTRATE JUDGE AND THE OBJECTIONS

The Magistrate Judge issued a Report recommending the motion for summary judgment be granted. Docket No. 28. The Magistrate Judge stated the jail grievance procedure included complaints about civil rights violations, which includes complaints about excessive force. The Magistrate Judge also observed that the fact Plaintiff named the sheriff as a defendant did not excuse the exhaustion requirement, even if the sheriff was the final appeal authority in the grievance procedure. Because Plaintiff did not exhaust his administrative remedies, the Magistrate Judge recommended the lawsuit be dismissed.

Despite not responding to Defendants' motion for summary judgment, Plaintiff did object to the Magistrate Judge's Report. Docket No. 30. In those objections, Plaintiff first asserts the exhaustion requirement does not apply because at the time of the incident, he had not yet been booked into the jail, although he was booked in that same day. He also states the jail staff has no jurisdiction over Sheriff Ingram or the investigators. Plaintiff further contends he could not respond to the motion for summary judgment because the law library at his prison unit is closed and he has not been able to meet with the inmate assisting him.

Following his objections, Plaintiff filed a response to the motion for summary judgment. Docket No. 32. In the interest of justice, this response will also be construed as objections to the Report. In his response, Plaintiff states for the first time that he did try to file grievances, but his

grievances were lost, destroyed, or not answered.

Plaintiff claims his criminal defense attorney told him what he, the attorney, saw on video was excessive force, but he wanted no part of a civil lawsuit. He also advised Plaintiff not to file suit until his criminal charges were complete. Plaintiff states he received 30 years for aggravated assault, and although what he did was wrong, he received more time than someone would have received for murder and wishes he had gone to trial. He states he needs counsel and access to a computer to view the discovery digital evidence.

As attachments to his response, Plaintiff submits copies of a grievance he filed in the jail, concerning the taking of legal documents out of his locker. He also furnishes a copy of a TDCJ-CID grievance dated September 4, 2020 complaining about the loss of property when he was taken to Abilene for medical care on September 1, 2020.

### III.   DISCUSSION

The Fifth Circuit has held exhaustion of administrative remedies prior to filing suit is mandatory and district courts lack discretion to excuse a prisoner's failure to exhaust before bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). In the recent case of *Gilliam v. Anderson County Sheriff's Department*, slip op. no. 19-40384, 2020 WL 6065773 (5th Cir. October 14, 2020), the district court granted summary judgment to the defendant jail officials because the plaintiff failed to exhaust his administrative remedies by filing grievances through all available steps of the Anderson County Jail grievance procedure. In affirming the district court's decision, the Fifth Circuit observed that the plaintiff did not furnish any competent summary judgment evidence showing that he had pursued his grievances through all of the steps. It held that "[plaintiff]'s conclusory assertions that he 'attempted to exhaust' his administrative remedies, that he was unaware pre-filing exhaustion was mandatory, and that there was a lack of grievance forms do not

entitle him to relief. *See Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The district court did not err by granting summary judgment." *Gilliam*, 2020 WL 6065773 at *1.

Plaintiff here is in the same posture. He offered no competent summary judgment evidence to support his claim that he sought to exhaust but was prevented from doing so, and his conclusory allegations are insufficient. *See also Kidd v. Livingston*, 463 F.App'x 311 (5th Cir. 2012) (conclusory allegations of exhaustion are insufficient to overcome summary judgment evidence demonstrating lack of exhaustion) 2012); *accord, Ryan v. Phillips*, 558 F.App'x 477 (5th Cir. 2014) (conclusory and unsubstantiated assertion that prisoner initiated the applicable grievance procedure was insufficient to refute the lack of evidence of any grievances filed by the prisoner); *Brockman v. Page*, Civil Action No. 5:15cv200, 2016 U.S. Dist. LEXIS 172288, 2016 WL 7210850 (E.D. Tex., December 13, 2016) (conclusory assertion that plaintiff did exhaust administrative remedies and the defendants' claim he did not was "blatantly false and misleading" was not sufficient to defeat a properly supported motion for summary judgment on failure to exhaust).

Plaintiff asserts that the jail grievance procedure could not address a use of force allegedly committed by agents of the sheriff's department within a jail operated by the sheriff's department. But that assertion likewise fails to show any basis upon which to set aside the Magistrate Judge's Report. It is also raised for the first time in Plaintiff's objections to the Magistrate Judge's Report and thus is not properly before the district court.

In any event, even if this assertion were properly before the Court, it offers no reason upon which to reject the Report or deny Defendants' motion. While courts have held that administrative remedies are unavailable where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint, *see Allard v. Anderson*, 260 F.App'x 711 (5th Cir. 2007), Plaintiff makes no showing this is the case here. *See Simkins v.*

*Bridges*, 350 F.App'x 952, 2009 WL 3461254 (5th Cir., October 28, 2009) (affirming dismissal of complaint against sheriff of Hays County for failure to exhaust administrative remedies, where the final step in the administrative remedy process was an appeal to the sheriff). Plaintiff's assertion does not provide a basis for setting aside the Report of the Magistrate Judge. Plaintiff's objections are without merit.

## IV. CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 28) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment (Docket No. 27) is **GRANTED** and the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED** this 26th day of February, 2021.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE